[Cite as *State v. Parker*, 2026-Ohio-2178.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :
                                No. 115039
    v.                                 :

NATHAN PARKER,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 11, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-697438-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Boyko, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Nathan Parker challenges his conviction for participating in a criminal gang. Upon review, we affirm the judgment of conviction.

{¶ 2} On December 6, 2024, appellant and five other defendants were charged under a multicount indictment. Appellant and one of his codefendants were tried together. As to the counts applicable to appellant, the trial court granted a defense Crim.R. 29 motion and dismissed Counts 25-35 and 61, and the court dismissed Counts 63 and 64 at the State's request. The jury found appellant not guilty of Counts 42-47 and Count 69. The jury found appellant guilty of Counts 1, 4, 24, 49-59, 62, 65-68, and 70-72, as well as all firearm specifications and forfeiture specifications associated with those counts. The crimes for which appellant was convicted, many involving multiple counts, included participating in a criminal gang, unlawful possession of dangerous ordnance, receiving stolen property, improper handling of firearms in a motor vehicle, aggravated robbery, robbery, and obstructing official business. The factual basis for those offenses is set forth in the record before us. The trial court imposed an aggregate total sentence of 36 years, which included a total of 33 years on the firearm specifications plus a total of 3 years on the underlying base counts. This appeal followed.

{¶ 3} Appellant raises three assignments of error on appeal. Under his first assignment of error, appellant claims the trial court erred "by entering a conviction on Count 1 for participating in a criminal gang based on insufficient evidence, in derogation of his [constitutional] rights to due process[.]"

{¶ 4} When considering a challenge to the sufficiency of the evidence, we review the evidence admitted at trial and determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a

reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* In conducting our review, we are mindful that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value, and it is within the province of the factfinder to draw reasonable inferences from the evidence presented." (Cleaned up.) *State v. Shabazz*, 2016-Ohio-1055, ¶ 18. Additionally, the trier of fact is "free to believe or disbelieve all, part, or none of the testimony of the witnesses presented at trial." (Cleaned up.) *State v. Brown*, 2025-Ohio-5854, ¶ 44 (8th Dist.). "A verdict should not be disturbed on appeal unless reasonable minds could not reach the trier of fact's conclusion." *State v. Jordan*, 2023-Ohio-3800, ¶ 16, citing *State v. Montgomery*, 2016-Ohio-5487, ¶ 74.

{¶ 5} R.C. 2923.42(A), the statute for participating in a criminal gang, provides as follows:

> No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct as defined in [R.C. 2923.41(C)], or shall purposely commit or engage in any act that constitutes criminal conduct as defined in [R.C. 2923.41].

{¶ 6} This court has previously observed that under this statutory section, the State must prove the following elements: "'(1) the existence of a criminal gang, (2) appellant's active participation in the gang, (3) appellant's knowledge that the

gang engages in or has engaged in a pattern of criminal gang activity, and (4) appellant's purposeful promotion, furtherance, or assistance of or engagement in, any criminal conduct.'" *State v. Nicholson*, 2022-Ohio-2037, ¶ 20 (8th Dist.), quoting *State v. Roberson*, 2017-Ohio-4339, ¶ 72 (6th Dist.).

{¶ 7} In this case, appellant does not dispute there was testimony and evidence showing that the "237" gang existed and is a criminal gang as defined under R.C. 2923.41, that the gang took part in a pattern of criminal gang activity, and that appellant engaged in criminal conduct. Appellant argues that there was a lack of evidence showing a nexus between his criminal conduct and the gang. More specifically, he asserts there was a lack of evidence showing that he was aware of any other crimes committed by other alleged gang members, that his involvement constituted active participation in the gang, or that he purposely promoted, furthered, or assisted in the commission of the gang's criminal conduct. We are not persuaded by any of appellant's arguments.

{¶ 8} The record shows that the State presented sufficient direct and circumstantial evidence showing that appellant actively participated in the 237 gang. There was evidence that appellant actively, and not just passively or nominally, participated in the 237 gang through his group chats, videos, live streams, photographs, and other social media interaction with other members of the gang. Detective Michael Harrigan specifically identified appellant as a member of the 237 gang as did a former gang member. Detective Harrigan indicated appellant's Instagram handle was Hawkem27 and testified to appellant's "very vocal"

communications in the group chat associated with the 237 gang. This included posting photographs and live images of himself with other gang members brandishing firearms, his use of the gang's common emojis, such as a snake with a green heart, his use of the moniker "237," and his wearing of a shared hoodie worn by other gang members. Reasonable minds also could infer appellant's knowledge of the criminal gang's engagement in a pattern of criminal gang activity from the evidence provided. Additionally, there was substantial evidence showing appellant purposely promoted, furthered, or assisted the gang's criminal conduct as defined in R.C. 2923.41(C), as well as showing that he purposely committed or engaged in criminal conduct as defined in R.C. 2923.41. In addition to the compelling evidence of appellant's social media posts, there was evidence associating appellant's criminal conduct to the gang. Though certain charges were dismissed and appellant was found not guilty of some counts, the evidence, when viewed in a light most favorable to the prosecution, showed appellant took part in a robbery with another gang member; he was arrested after fleeing from police from one of the gang's crimes; he was in possession of stolen vehicles and firearms and otherwise linked to gang activity, including a shooting incident involving gang members that occurred at basketball courts; and he committed other acts of criminal conduct. The trier of fact was permitted to make reasonable inferences from this and other evidence presented in the case. The testimony and evidence established more than the passive or nominal association with the gang found in *Roberson* at ¶ 83. Rather, in this case the State presented substantial evidence demonstrating appellant's active

participation in the criminal gang, as has been found in other cases such as *Nicholson* at ¶ 24-25, and *State v. Reed*, 2026-Ohio-687, ¶ 35-42 (5th Dist.).

**{¶ 9}** Upon our review of the record and after viewing the testimony and evidence presented in a light most favorable to the prosecution, we find that the State presented sufficient evidence upon which a rational trier of fact could have found the essential elements of the crime of participating in a criminal gang were proven beyond a reasonable doubt. The first assignment of error is overruled.

**{¶ 10}** Under his second assignment of error, appellant claims the trial court "committed plain error in failing to give an instruction to the jury that Defendant's participation in the criminal gang must be more than passive or nominal." He asserts that an instruction should have been given on the active participation element of the statute for participating in a criminal gang.

**{¶ 11}** To establish plain error, appellant must show "that an error occurred, that the error was plain, and that the error affected his substantial rights -- which [has been] interpreted to mean that the error affected the outcome of the trial." *State v. Brinkman*, 2022-Ohio-2550, ¶ 45, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Notice of plain error is to be taken "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Nicholson*, 2022-Ohio-374, at ¶ 37 (8th Dist.), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. Appellant has the burden of demonstrating plain error occurred. *See id.*

{¶ 12} As this court recognized in *Nicholson*, although generally a defendant is entitled to have the jury instructed on all elements of a crime that must be proved, the failure to do so is not necessarily reversible as plain error. *Id.* at ¶ 39, citing *State v. Wamsley*, 2008-Ohio-1195, ¶ 17. We must review the instructions as a whole and the entire record to determine whether a manifest miscarriage of justice occurred as a result of an error in the instructions. *Id.*

{¶ 13} Our review in this matter shows that the trial court properly instructed the jury on the statutory elements of R.C. 2923.42(A), including on active participation. Though appellant argues that the court should have given a clarifying instruction consistent with cases that have indicated active participation, which is a term of common usage, requires the State demonstrate that the defendant actually, and not just nominally or passively, took part in a criminal gang, he provides no authority to show such an instruction was warranted. Further, he fails to demonstrate that the claimed error was obvious or that it affected the outcome of trial.

{¶ 14} Appellant has failed to demonstrate an error occurred, let alone demonstrated plain error. After reviewing the instructions as a whole and the entire record in this case, we do not find any manifest miscarriage of justice occurred. The second assignment of error is overruled.

{¶ 15} Under his third assignment of error, appellant claims defense counsel rendered ineffective assistance by failing to request a jury instruction on active participation. Because the trial court did not err with regard to the jury instruction

on active participation, counsel cannot be deemed ineffective for failing to raise an objection. Further, appellant has failed to demonstrate either deficient performance or prejudice as required for showing ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The third assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., CONCURS IN JUDGMENT ONLY;
TIMOTHY W. CLARY, J., CONCURS IN JUDGMENT ONLY